CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAY 15 2009

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CHAD S. FISHER,

    Petitioner,

v.

TERRY O'BRIEN, WARDEN,

    Respondent.

Case No. 7:08CV00569

MEMORANDUM OPINION

By: Glen E. Conrad
United States District Judge

Petitioner Chad S. Fisher, an inmate currently incarcerated at the United States Penitentiary in Jonesville, Virginia ("USP Lee"), brings this pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. In his petition, Fisher argues that he should be granted prior custody credit toward his federal sentence for time served in state prison on related offenses. Respondent filed a motion to dismiss, and Fisher responded, making this action ripe for the court's consideration. Upon review of the record, the court finds that the motion to dismiss must be granted.

## Background

Tennessee state authorities arrested Chad S. Fisher on July 4, 2004, for numerous state offenses including a Tennessee state parole violation warrant. During this arrest, officers seized a firearm and ammunition, among other things. The State of Tennessee revoked Fisher's parole on July 26, 2004, and ordered that he would serve the balance of his original sentence. On September 3, 2004, he was sentenced to a 90-day term of confinement for the independent state charges resulting from the July 4, 2004 arrest.[1]

---

[1] None of the documents provided by the parties indicate the specific violation of parole conditions on which Fisher's parole was revoked or the specific state criminal offenses for which he was arrested on July 4, 2004. However, the nature of the parole violation and the independent state charges are not material to the determination that Fisher is not entitled to relief under § 2241.

Based on the firearm and ammunition seized in connection with Fisher's July 4, 2004, arrest, a federal grand jury returned an indictment on June 23, 2005, charging Fisher with being a felon in possession of a firearm. Pursuant to a writ of habeas corpus ad prosequendum, federal authorities borrowed Fisher from the state on July 12, 2005, and returned him on July 15, 2004. Federal authorities obtained Fisher via a second writ of habeas corpus ad prosequendum on September 19, 2005. He pleaded guilty on September 20, 2005, to the charge of being a felon in possession of a firearm. The United States District Court for the Middle District of Tennessee sentenced him on December 19, 2005, to an 84-month term of imprisonment. The federal judgment is silent as to the relationship between Fisher's federal and state sentences. Federal authorities returned Fisher to Tennessee on December 22, 2005, in satisfaction of the writ.

Fisher was released to federal custody on March 18, 2006, upon completion of his state sentence. In accordance with Program Statement 5880.28, Sentence Computation Manual of 1984 and 18 U.S.C. §§ 3584(a) and 3585(a), the Bureau of Prisons ("BOP") prepared a sentence computation for Fisher, commencing his federal sentence on March 18, 2006. Fisher received credit against his state sentence for the prison time he served from July 4, 2004, through March 17, 2006. Therefore, in accordance with 18 U.S.C. § 3585(b)(1), the BOP did not grant him any prior custody credit against his federal sentence for this period of jail time served.

In his § 2241 petition, Fisher argues that he is entitled to credit against his federal sentence for all the state time he served, beginning on July 4, 2004. In support of this assertion, he offers the following facts: (1) his federal charges arose from the firearm and ammunition seized during the arrest on his state charges; (2) due to the pending federal charges, state authorities required him to serve his entire state sentence, denying him bail or any other form of release; and (3) his state convictions made his federal sentence longer because he received criminal history points for these convictions. Fisher argues for a nunc pro tunc designation, allowing him to receive federal credit for the time served on the state convictions. In his response to the motion to dismiss, Fisher also argues that the court should grant him prior

custody credit under the United States Sentencing Guidelines Manual ("USSG") § 5G1.3 because the state and federal offenses were related.

## Discussion

Once the district court has imposed an inmate's federal criminal sentence, the United States Attorney General, through the BOP as that official's delegate, is responsible for calculating the inmate's term of confinement, including determination of the appropriate credit to be granted for jail time served before commencement of the federal sentence. See United States v. Wilson, 503 U.S. 329, 334 (1992). A challenge to the computation and execution of a sentence, as opposed to its legality, is properly brought under § 2241 in the district of confinement rather than in the sentencing court. See, e.g., United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) (finding that § 2241 petition is proper remedy for seeking credit against sentence for time served before trial).

When an inmate has sentences imposed by federal and state authorities, the sovereign that arrested him first acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign has been satisfied. U.S. v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (restating this principle of primary jurisdiction as set out in Ponzi v. Fessenden, 258 U.S. 254, 260 (1922)). "A detainer neither effects a transfer of a prisoner from state to federal custody nor transforms state custody into federal custody by operation of law." Thomas v. Whalen, 962 F.2d 358, 360 (4th Cir. 1992). Similarly, a writ of habeas corpus ad prosequendum does not change the defendant's primary custody status, as the writ only authorizes federal authorities to "borrow" the defendant for court proceedings. Id. at 358 n.3 (citing other cases). A federal sentence commences "on the date when the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Prior custody credit cannot be granted against a federal criminal sentence for any period of time for which petitioner has received credit toward another sentence, state or federal. See § 3585(b); Wilson, 503 U.S. at 337.

Fisher's § 2241 petition is properly filed in and addressed by this court.[2] Fisher is currently incarcerated at USP Lee, which is located within the territorial jurisdiction of this court. Upon review of the claims, however, the court concludes that he fails to demonstrate any ground on which he is entitled to prior custody credit.

It is undisputed in this case that the state had primary jurisdiction over Fisher and that he was serving a state sentence when he was indicted for the federal offense. The state retained primary jurisdiction over him during his brief trips to federal court, because the federal authorities only borrowed him pursuant to writs of habeas corpus ad prosequendum, which do not affect primary jurisdiction. Pursuant to § 3585(a), Fisher's federal sentence commenced on March 18, 2006, only after the state had exacted its penalty from Fisher and released him to the federal detainer for service of his federal sentence.

It is also undisputed that Fisher received credit against his state sentence from July 4, 2004, the date of his arrest, through March 17, 2006, the date prior to his completion of his state sentence. Pursuant to § 3585(b), the BOP could not give him prior custody credit for that period of time, because it had already been credited against his state sentence. Therefore, the court finds no respect in which Fisher is entitled to prior custody credit for time served before completion of his state sentence.

In some situations, pursuant to its discretionary authority under 18 U.S.C. § 3621(b) to designate the facility where a federal inmate will serve his sentence, the BOP can grant a nunc pro tunc designation allowing the inmate to receive concurrent credit against his state and federal sentences for time already served. However, the BOP did not find that a nunc pro tunc designation was appropriate in Fisher's case, because the federal sentencing court had knowledge of the state sentence and did not choose to order the federal sentence to run concurrently with it. (Resp. Ex.1, Para. 6(N)).

---

[2] Respondent concedes that Fisher exhausted his administrative remedies before bringing this § 2241 petition.

Finally, Fisher fails to demonstrate that this court has authority to grant prior custody credit against his already imposed federal sentence pursuant to USSG § 5G1.3. This section of the guidelines provides that if the defendant has an undischarged

> term of imprisonment [that] resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
>> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>>
>> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

USSG § 5G1.3(b). The court may consider the application of this section of the advisory guidelines during determination of the original sentence. Once the sentence has been imposed, however, the BOP, not the court, has authority to calculate the particulars of the term of confinement, including any credit for time served before commencement of the federal sentence. Wilson, 503 U.S. at 334. Moreover, § 5G1.3(b) does not apply to the facts of Fisher's case, because the state convictions affected his federal sentence calculation only as part of his criminal history score and not as relevant conduct considered in determining his offense level or as an adjustment to his offense level. In cases where § 5G1.3(b) does not apply, the federal sentence "may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." § 5G3.1(c). In Fisher's case, because he committed his federal offense while on state parole and his state parole was revoked, the Sentencing Commission recommends that his federal sentence be imposed to run consecutive to the undischarged state sentence. See § 5G1.3, Appl. Note 3(c).

## Conclusion

For the stated reasons, the court concludes that Fisher is not entitled to relief under § 2241. He fails to demonstrate any respect in which he is entitled to additional credit against his federal sentence. Therefore, the court will grant the motion to dismiss. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 14th day of May, 2009.

*/s/ Jack Conrad*
United States District Judge